UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOYCE BODO,

    Plaintiff,

v.                                                        Case No. 8:18-cv-678-T-30AAS

GEOVERA SPECIALTY
INSURANCE COMANY,

    Defendant,
_____/

## ORDER

Joyce Bodo moves to compel better responses to two requests for production from GeoVera. (Doc. 26). GeoVera opposes Ms. Bodo's motion. (Doc. 29). GeoVera sufficiently established that it produced all photographs of Ms. Bodo's property in its possession, custody, or control. And Ms. Bodo failed to explain why GeoVera's complete underwriting file is relevant to her breach of contract claim. Therefore, Ms. Bodo's motion to compel is **DENIED without prejudice**.

## I. BACKGROUND

Ms. Bodo sued GeoVera in state court claiming breach of contract. (Doc. 2). GeoVera removed the case to this court and Ms. Bodo later amended her complaint. (Docs. 1, 12). Ms. Bodo claims GeoVera failed to cover water damage Ms. Bodo's home suffered, which was required under Ms. Bodo's insurance policy with GeoVera. (Doc. 12). GeoVera denies Ms. Bodo's breach of contract claim and asserts many

1

affirmative defenses. (Doc. 13).

On May 22, 2018, GeoVera responded to requests for production Ms. Bodo served. (Doc. 29, p. 1). Five months later, and less than a month before the discovery deadline, Ms. Bodo moved to compel better responses to two of those requests for production. (Docs. 15, 26).

Before turning to Ms. Bodo's motion to compel, the undersigned notes deficiencies in both parties' filings and discovery documents. In her motion to compel, Ms. Bodo's argument sections on why the court should grant her motion to compel are single-spaced. (Doc. 26, pp. 3–6). Under Local Rule 1.05(a), all filings must be double-spaced. Ms. Bodo's counsel also failed to sufficiently confer under Local Rule 3.01(g). Local Rule 3.01(g) requires a party submitting a non-dispositive motion to include a statement in the motion that (1) certifies that moving counsel conferred with opposing counsel about the motion and (2) states whether counsel agree on the resolution of the motion. Confer means a substantive discussion. Middle District Discovery (2015) at I(A)(2). The moving party also has a duty to continue reaching out to opposing counsel after filing a non-dispositive motion to try to resolve the issues raised in the motion. *Id.*

According to GeoVera, Ms. Bodo's counsel failed to respond to correspondence from GeoVera's counsel, which sought to resolve issues related to Ms. Bodo's discovery request. (Doc. 29, p. 2). Ms. Bodo's counsel instead filed her motion to compel without further conferring with GeoVera's counsel in a good faith effort to

resolve the issues. (Doc. 29, p. 2).

GeoVera's response to Ms. Bodo's requests for production also contains deficiencies. (Doc. 26, pp. 9–12). GeoVera's objections to multiple requests for production include the same cut-and-paste language with boilerplate objections. Boilerplate objections, including those based on attorney-client privilege, are presumptively invalid. *Universal City Dev. Partners, Ltd. v. Ride & Show Eng'g, Inc.*, 230 F.R.D. 688, 698 (M.D. Fla. 2005).

Further, GeoVera's boilerplate objections are outdated. In its responses to Ms. Bodo's requests for production, GeoVera repeatedly claims that Ms. Bodo's requests are "not reasonably calculated to lead to the discovery of admissible evidence." (Doc. 26, pp. 9–12). Since December 2015, Federal Rule of Civil Procedure 26(b)(1), which outlines the scope of discovery, no longer includes language limiting discovery to that "reasonably calculated to lead to the discovery of admissible evidence." Thus, the boilerplate objections, though unacceptable anyway, are even more troublesome because they do not conform to the current Federal Rules of Civil Procedure.

Going forward, the parties must strictly follow the Federal Rules of Civil Procedure and Local Rules. The undersigned will now turn to Ms. Bodo's motion.

## II. ANALYSIS

A party may obtain discovery about any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Discovery is meant to assist parties in ascertaining facts that bear on issues

in the case. *ACLU of Fla., Inc. v. City of Sarasota*, 859 F.3d 1337, 1340 (11th Cir. 2017) (citations omitted). That said, requests for production should be clear, concise, and reasonably particularized. Middle District Discovery (2015) at III(A)(1).

A party may move for an order compelling discovery from the opposing party. Fed. R. Civ. P. 37(a). The party moving to compel discovery bears the initial burden of proving that the requested discovery is relevant. *Douglas v. Kohl's Dept. Stores, Inc.*, No. 6:15-CV-1185-Orl-22TBS, at *2 (M.D. Fla. Apr. 25, 2016) (quotation and citation omitted). The responding party must then specifically demonstrate how the requested discovery is unreasonable or unduly burdensome. *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559–60 (11th Cir. 1985).

The undersigned will discuss the relevant requests for production in turn.

### A. Request for Production Number 5

Ms. Bodo requests the following:

> Any and all photographs concerning Plaintiff's dwelling in the possession of Defendant and any of Defendant's adjusters, agents, employees, experts, or consultants in native digital format.

(Doc. 26, p. 10). A party responding to a proper request for production must produce items in its possession, custody, or control. Fed. R. Civ. P. 34(a)(1). GeoVera claims it produced all photographs of Ms. Bodo's property with its initial disclosures. (Doc. 29, p. 1). Although GeoVera hires independent adjusters and vendors who may possess photographs other than those GeoVera already produced, GeoVera argues it is not in possession, custody, or control of those photographs because those adjusters

4

and vendors are independent from GeoVera. (Doc. 29, p. 4). The undersigned has no reason to believe GeoVera is not being fully candid with the court. Therefore, given these facts, Ms. Bodo's motion to compel a better response to Request for Production Number 5 is denied without prejudice.

Federal Rule of Civil Procedure 45 permits discovery from non-parties. Ms. Bodo can request discovery from third parties, like the independent adjusters and vendors GeoVera hired, about other photographs of her property. If those third parties fail to produce her requested discovery, Ms. Bodo can move to compel that discovery before the discovery deadline passes.

### B. Request for Production Number 8

Ms. Bodo requests the following:

> The complete underwriting file with regard to Defendant's issuance of insurance on the subject risk, and all renewals.

(Doc. 26, p. 11). The party requesting an underwriting file in a breach of contract case must establish how the file is relevant to showing the contract's terms are ambiguous. *Promenades Mall (E&A), LLC v. Allstate Ins. Co.*, No. 2:08-CV-475-FtM-29SPC, 2009 WL 10670070, at *1 (M.D. Fla. May 11, 2009) (citation omitted); *Houston Specialty Ins. Co. v. Titleworks of Sw. Fla., Inc.*, No. 2:15-CV-219-FtM-29MRM, 2016 WL 7130939, at *5 n.4 (M.D. Fla. July 19, 2016) (citations omitted). Ms. Bodo failed to establish how the underwriting file, or even a portion of the underwriting file, is relevant to her breach of contract claim against GeoVera. As a result, Ms. Bodo's motion to compel a better response to Request for Production

Number 8 is denied without prejudice.

## III. CONCLUSION

GeoVera produced all photographs of Ms. Bodo's property in its possession, custody, or control. Ms. Bodo can request any other photographs that may exist from non-party adjusters and vendors. And Ms. Bodo failed to establish why GeoVera's complete underwriting file of Ms. Bodo's property is relevant to her breach of contract claim. Therefore, Ms. Bodo's motion to compel (Doc. 26) is **DENIED without prejudice**.

**ORDERED** in Tampa, Florida on November 16, 2018.

AMANDA ARNOLD SANSONE
United States Magistrate Judge